**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DAMIEN HOWARD PONDER, | : | Case No. 2:24-cv-3747 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| COLUMBUS POLICE DEPARTMENT, *et* | : | |
| *al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff, Damien Howard Ponder, a resident of Columbus, Ohio, brings this pro se action pursuant to 42 U.S.C. §§ 1983, 1985,[1] various federal criminal statutes, and 5 U.S.C. § 7311 against the Columbus Police Department (CPD) and five CPD Officers—Kisha Orsini, Matthew Murphy, James Selhorst, Todd Cramblett, and Zachary A. Walker.  Plaintiff alleges that his civil rights were violated during his arrest on February 12, 2022.  (Doc. 7.)  By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The above-captioned case is the lead case in the following consolidated cases brought by Plaintiff:  *Ponder v. Orsini*, Case No. 2:24-cv-3742; *Ponder v. Murphy*, 2:24-cv-3743; *Ponder v. Selhorst*, 2:24-cv-3744; *Ponder v. Cramblett*, 2:24-cv-3745; and *Ponder v. Walker*, 2:24-cv-

---

[1]Plaintiff states that he is seeking relief under *18* U.S.C. § 1985.  (*See, e.g.,* Doc. 1-1, at PageID 31).  But "[t]here is no 18 U.S.C. § 1985." *Perales v. Daniels*, No. 23-CV-781, 2023 WL 3061198, at * 1 (D. Minn. Apr. 24, 2023).  The Undersigned therefore understands Plaintiff to have intended to allege claims under 42 U.S.C. § 1985.

3746.  This matter is currently before the Court for a *sua sponte* review of Plaintiff's Amended

Complaint (Doc. 7)[2] to determine whether the Complaint, or any portion of it, should be

dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2)(B).

> ### A.      Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490

U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d

at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional"

in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)

---

[2]Plaintiff filed the instant Amended Complaint (Doc. 7) following the consolidation of his cases.
The Amended Complaint is the operative complaint and supersedes the original complaint for all
purposes.  *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

(quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.      **Allegations in the Amended Complaint**

Plaintiff alleges that late on the evening of February 12, 2022, Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy searched him, seized his property, and arrested him "without a warrant, without probable cause, nor R.A.S. [reasonable articulated suspicion] that [he] committed a crime." (Doc. 7, at PageID 31). Plaintiff further alleges that during the arrest Defendant Officers drew their weapons, threatened to shoot him, and slammed him to the ground. (*Id*.).

According to Plaintiff, an incident report (No. 220103456) was created and used to bring criminal charges against him in the Franklin County Court of Common Pleas (Case No. 22-CR-913). (*Id*., at PageID 31). Although the Amended Complaint does not specify the charges Plaintiff faced, the docket record in Case No. 22-CR-913[3] indicates that Plaintiff was charged with improperly handling a firearm, carrying a concealed weapon, and having a weapon under disability. The charges were ultimately dismissed on May 5, 2023. (*Id*. at PageID 31).

Plaintiff claims that, as a result of Defendants' actions, he sprained his wrist, lost both of his jobs because he could not go to work, suffers from depression and anxiety, and had to replace his phone, which was damaged during the arrest. (*Id*.).

For relief, Plaintiff seeks monetary damages. (*Id*. at PageID 37).

---

[3]Viewed at:
https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?l2Xk1xweChom4ALq1AWy, using Plaintiff's name and case number. This Court "may take judicial notice of proceedings in other courts of record[.]" *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir. 1969); *see also Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980).

### C.    Analysis

Based on the above allegations, Plaintiff asserts that Defendants interfered with his right to bear arms in violation of the Second Amendment to the United States Constitution (Doc. 7, at PageID 32-36); subjected him to an illegal search and seizure in violation of the Fourth and Sixth Amendments (*id*., at PageID 31-36); and used excessive force against him in violation of the Fourth Amendment (*id*.).  Plaintiff also asserts that Defendants engaged in a civil rights conspiracy under 42 U.S.C. § 1985, violated various federal criminal statutes, and violated 5 U.S.C. 7311.  (*Id*.).  Liberally construed, *see Erickson*, 551 U.S. at 94, the Amended Complaint additionally asserts a malicious prosecution claim in violation of the Fourth Amendment.  (*Id*.).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes in an abundance of caution that Plaintiff may proceed for further development at this juncture on his Fourth Amendment malicious prosecution claim against Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy, in their individual capacities.[4]  For the reasons set forth below, however, the remainder of Plaintiff's claims should be **DISMISSED** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

### a.    Claims against the CPD and the Officers in an Official Capacity

As an initial matter, although the Court is permitting Plaintiff to proceed for further development at this juncture on his Fourth Amendment malicious prosecution claim against Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy in their individual

---

[4]The Court advises Plaintiff that this is only a preliminary determination.  The Court has not made a determination as to the merits of the claim or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

capacities, he has failed to state a claim upon which relief can be granted against the individual

Defendants in their official capacities or against the CPD.

As this Court has previously explained:

> "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

*Kilkenny v. Gabriel*, No. 2:19-CV-3661, 2019 WL 4601856, at *3 (S.D. Ohio Sept. 23, 2019),

*report and recommendation adopted*, No. 2:19-CV-3661, 2019 WL 6609211 (S.D. Ohio Dec. 5,

2019).

> Further, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson,* 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). In order to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)).

*Id*.

Because Plaintiff has not plausibly pled facts demonstrating the existence of a policy or custom of inadequate training or supervision, or that the Defendant Officers' employer, whom the Court understands from the Amended Complaint to be the CPD, ignored a history of abuse or was clearly on notice that its training was deficient and likely to lead to civil-rights violations, Plaintiff fails to state a *Monell* claim against the Defendant Officers in their official capacities or the CPD.

### b.    Claims Alleging Illegal Search and Seizure, Excessive Force, False Arrest, and Interference with the Right to Bear Arms

Next, Plaintiff's claims of illegal search and seizure, which he purports to bring under both the Fourth and Sixth Amendments, excessive force and false arrest, which he brings under the Fourth Amendment, and interference with the right to bear arms, which he brings under the Second Amendment, should be dismissed as time barred.  (*See* Doc. 1-1, at PageID 31-36).

Plaintiff's civil rights claims under 42 U.S.C. § 1983 are governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts").  Although the statute of limitations is an affirmative defense, when, as here, it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  In determining whether a claim must be dismissed for failure to state a claim upon which relief can be granted, the Court may consider matters of which it may take judicial notice. *See Roberts v. Morvac*, No. 6:18-CV-196-GFVT, 2018 WL 6004666, at *2 n. 2 (E.D. Ky. Nov. 15, 2018) (citations omitted); *see also Delaney v. Thompson*, No. 18-3037, 2019 WL 1317467, at

7

*3 (D. Kan. Mar. 22, 2019) (noting that "court proceedings subject to judicial notice" may be considered on initial screening) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Turning first to Plaintiff's claims of illegal search and seizure (including apparently the seizure of a firearm),[5] interference with the right to bear arms, and excessive force, Plaintiff claims that these events occurred during his arrest on February 12, 2022. (*See* Doc. 7, at PageID 31-36). Courts have held that causes of action based on an alleged illegal search and seizure accrue on the date the search and seizure occurred. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. Aug. 12, 2008); *see also Starnes v. Stout*, No. 2:14-cv-1699, 2015 WL 5315386, at *5 (S.D. Ohio Sept. 11, 2015) ("the Court of Appeals and several district courts within this Circuit have held or acknowledged that claims under § 1983 for illegal search and seizure—even if used as evidence— accrue at the time of the improper search") (Report and Recommendation), *adopted*, 2015 WL 5725817 (S.D. Ohio Sept. 29, 2015). This is the case even if Plaintiff's illegal seizure claim is viewed under the Second Amendment. *See Sherry v. City of Chicago*, No. 18 C 5525, 2019 WL 2525887, at *3-4 (N.D. Ill. June 19, 2019) (finding that the plaintiff's alleged Second Amendment claim stemming from the seizure of weapons accrued at the time of arrest).[6] Likewise, "when asserting a claim under 1983 for the use of excessive force, the 'injury' occurs at the date of the constitutional injury, the date of the

---

[5]Plaintiff does not allege in the Amended Complaint what property items of his were seized. However, for the purposes of this screening, the Undersigned infers from the weapons charges Plaintiff faced, of which the Court may take judicial notice (*see* Footnote 3), that he was in possession of a firearm at the time of his arrest.

[6]Notably, while Plaintiff asserts an independent Second Amendment seizure claim, "there is little controlling law addressing when an individual's *seizure* of specific firearms is . . . violative" of the Second Amendment. *Novak v. Federspiel*, No. 1:21-cv-12008, 2024 WL 1349298, at *16 (E.D. Mich. Mar. 29, 2024). The Court, however, need not determine the validity of such a claim here because any such claim would be time barred for the reasons stated herein.

allegedly excessive force is used." *Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005).

Because Plaintiff alleges that he was searched, subjected to excessive force, and had his property seized on February 12, 2022, his claims for illegal search and seizure and excessive force accrued at that time. Plaintiff did not file this case until July 22, 2024, after the limitations period expired. Therefore, his claims of illegal search and seizure, excessive force, and interference with the right to bear arms are subject to dismissal on statute of limitations grounds.

Turning next to Plaintiff's false arrest claim, he alleges, as set forth above, that he was falsely arrested on February 12, 2022. The Supreme Court has held that the limitations period with respect to a false imprisonment or false arrest claim brought under 28 U.S.C. § 1983 begins upon the initiation of legal process, such as when the individual is bound over for trial or arraigned on charges. *See Wallace*, 549 U.S. at 389-90. The docket record in Plaintiff's criminal case reflects that he was arraigned, waived reading of the indictment, and pled not guilty on April 6, 2022. (*See* footnote 3, containing a URL address for the Franklin County Clerk of Courts). As with Plaintiff's claims of illegal search and seizure, excessive force, and interference with the right to bear arms, his false-arrest claims are time barred because he did not file this case until after the limitations period expired.

In finding that Plaintiff's claims of illegal search and seizure, excessive force, false arrest, and interference with the right to bear arms are time barred, the Undersigned notes that the Amended Complaint does not suggest any basis for tolling the limitations period. Because Ohio's statute of limitations applies to the above claims, Ohio's tolling rules also apply as long as they are not "'inconsistent with federal law or policy.'" *Roberson v. Macnicol*, 698 F. App'x 248, 250–51 (6th Cir. 2017) (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d

9

838, 845 (6th Cir. 2015)).  Under Ohio law, the statute of limitations for § 1983 claims may only be tolled when—at the time the cause of action accrued—the plaintiff was either a minor or was "of unsound mind."  Ohio Rev. Code § 2305.16; *Michelle R. v. Vill. of Middleport*, No. 2:19-CV-2272, 2019 WL 4452678, at *4 (S.D. Ohio Sept. 17, 2019).  Plaintiff does not suggest that either of these tolling circumstances apply here.  Indeed, Plaintiff was expressly found competent by the state trial court on July 6, 2022, more than two years before he filed this case.  (*See* footnote 3).

Lastly, Plaintiff's Sixth Amendment illegal search and seizure claims fail for another reason as well.  The Sixth Amendment is inapplicable here.  The Sixth Amendment applies to "criminal prosecutions."  U.S. Const. amend VI.  "A criminal prosecution does not begin until 'a criminal defendant's initial appearance before a judicial officer.'"  *Gumbs v. Penn*, No. CV 2016-30, 2017 WL 1115161, at *3 (D.V.I. Mar. 24, 2017) (quoting *Rothgery v. Gillespie Cty*, 554 U.S. 191, 213 (2008)).  Plaintiff's "illegal searches and seizures" claim, which, as set forth above, Plaintiff purports to bring under both the Fourth and Sixth Amendments, arises out of alleged events occurring before the commencement of his criminal prosecution and thus does not support a claim under the Sixth Amendment.  *See Burchett v. Kiefer*, 310 F.3d 937, 946–47 (6th Cir. 2002) ("Although Burchett does not expand on this claim, presumably he is suggesting that officers violated his Sixth Amendment rights by refusing to identify any specific charges against him during his three-hour detention.  However, the facts that Burchett alleges do not amount to a constitutional violation, as the Sixth Amendment applies only to 'criminal prosecutions,' and no such prosecution had begun.").

### c.    Claims Alleging Violation of 42 U.S.C. § 1985

Plaintiff's claims under 42 U.S.C. § 1985 are also subject to dismissal.  As our sister court in the District of Minnesota has explained:

> Section 1985 proscribes five different types of conspiracies: (1) conspiracies to interfere with the performance of official duties by federal officers (section 1985(1)); (2) conspiracies to interfere with the administration of justice in federal courts (first clause of section 1985(2)); (3) conspiracies to interfere with the administration of justice in state courts (second clause of section 1985(2)); (4) private conspiracies to deny any person enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws' (first clause of section 1985(3)); and (5) conspiracies to interfere with the right to support candidates in federal elections (second clause of section 1985(3)).

*Perales v. Daniels*, No. 23-CV-781, 2023 WL 3061198, at *2 (D. Minn. Apr. 24, 2023), *aff'd*, No. 23-2587, 2023 WL 9066838 (8th Cir. Aug. 25, 2023) (quoting *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir. 1986) (in turn citing *Kush v. Rutledge*, 460 U.S. 719, 724 (1983)).

Plaintiff does not allege any facts suggesting that Defendants conspired to interfere with federal officers, federal or state court proceedings, or with the right to support a candidate in a federal election.  Nor has Plaintiff alleged facts suggesting Defendants' alleged actions were motivated by racial animus or were class-based.  Plaintiff's § 1985 claim is therefore subject to dismissal.  *See Perales*, 2023 WL 3061198, at *2.

Moreover, although the basis of Plaintiff's § 1985 claims is unclear, these claims are also time barred to the extent they rely on the alleged conduct underlying Plaintiff's claims of illegal search and seizure, excessive force, false arrest, and interference with the right to bear arms.  *See Mickey v. McFaul*, No. 1:10-cv-1350, 2010 WL 3221921, at *2 (N.D. Ohio Aug. 13, 2010) (applying two-year statute of limitations to claims under § 1985).

11

### d.    Claims Alleging Violations of Federal Criminal Statutes and 5 U.S.C. § 7311

Plaintiff also alleges that Defendants violated 18 U.S.C. §§ 241, 242, 1201, 1918, and 5 U.S.C. § 7311.  Section 241 makes it a crime for two or more persons to conspire to violate constitutional or statutory rights.  18 U.S.C. § 241.  Section 242 prohibits a person acting "under color of any law" from "willfully subject[ing] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution of laws of the United States." 18 U.S.C. § 242.  Section 1201 prohibits kidnapping.  18 U.S.C. § 1201.  Section 1918 prohibits federal employees from engaging in strikes.  18 U.S.C. § 1918.  Section 7311 "states that individuals who advocate the overthrow of government or who strike against the government may not hold a position with the government."  *Lewis v. Marion Cty. Sheriff's Dep't*, No. 5:15-CV-275, 2015 WL 9873805, at *2 n.2 (M.D. Fla. Dec. 28, 2015) (citing 5 U.S.C. § 7311).

"Criminal statutes do not convey a private right of action."  *Brawley v. Texas*, No. 3:21-CV-2256, 2023 WL 2958614, at *7 (N.D. Tex. Mar. 15, 2023), *report and recommendation adopted,* No. 3:21-CV-2256, 2023 WL 2957825 (N.D. Tex. Apr. 14, 2023) (citing cases finding no private right of action under 18 U.S.C. §§ 241, 242, 1918).  *See also Moskau v. Peterson*, No. 6:20-CV-1437, 2020 WL 13369431, at *2 (M.D. Fla. Sept. 18, 2020) (finding that a plaintiff "does not have the right to sue" under 18 U.S.C. § 1201).  Nor does 5 U.S.C. § 7311 provide a private right of action.  *Lewis*, 2015 WL 9873805, at *2 n.2.  Because the above federal statutes do not create a private right of action, Plaintiff's claims alleging their violations fail as a matter of law.  *See Brawley*, 2023 WL 2958614, at *7; *Moskau*, 2020 WL 13369431, at *2; *Lewis*, 2015 WL 9873805, at *2 n.2.

Accordingly, in sum, Plaintiff may **PROCEED** for further development at this juncture on his Fourth Amendment malicious prosecution claim against Defendant Officers Cramblett,

12

Walker, Orsini, Selhorst, and Murphy, in their individual capacities.  It is **RECOMMENDED**, however, that the remainder of Plaintiff's claims against those Defendants and Plaintiff's claims against the CPD in their entirety be **DISMISSED**.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Complaint be **DISMISSED with prejudice** with the exception of his Fourth Amendment malicious prosecution claim against Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy, in their individual capacities.  28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE ORDERED THAT:

1.      Plaintiff may **PROCEED** for further development at this juncture on his Fourth Amendment malicious prosecution claim against Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy, in their individual capacities.

2.      The **UNITED STATES MARSHAL** shall serve a copy of the Amended Complaint (Doc. 7), summons, the separate Order issued this date granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon Defendants Cramblett, Walker, Orsini, Selhorst, and Murphy, as directed by Plaintiff.  **Service documents may be found in document 1 of the docket records in the individual consolidated cases.**  All costs of service shall be advanced by the United States.

3.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district

judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

4.    Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


February 18, 2025                                    *s/ Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON DEAVERS
                                                              United States Magistrate Judge