**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAMIEN HOWARD PONDER,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:24-cv-3747** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COLUMBUS POLICE DEPARTMENT, *et al.*,** | : | |
| **Defendants.** | : | |

## OPINION & ORDER

Plaintiff, an Ohio resident proceeding without the assistance of counsel, brought this action under 42 U.S.C. § 1983 against the Columbus Police Department ("CPD") and several of its officers for the alleged violation of his constitutional rights.[1] The Court previously dismissed all of Plaintiff's claims except his Fourth Amendment malicious prosecution claim against Defendant CPD Officers Todd Cramblett, Kisha Orsini, Zachary Walker, James Selhorst, and Matthew Murphy in their individual capacities. (ECF No. 12.) Those Defendants now move for summary judgment on Plaintiff's remaining claim. (ECF No. 23.) Also pending before the Court is Plaintiff's motion for extension of time to respond to Defendants' First Request for Admissions. (ECF No. 26.) The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 16, 30.)

[1] The above-captioned case is the lead case in the following consolidated cases brought by Plaintiff: *Ponder v. Orsini*, Case No. 2:24-cv-3742; *Ponder v. Murphy*, 2:24-cv-3743; *Ponder v. Selhorst*, 2:24-cv-3744; *Ponder v. Cramblett*, 2:24-cv-3745; and *Ponder v. Walker*, 2:24-cv-3746.

For the following reasons, Plaintiff's motion for extension of time (ECF No. 26) is **DENIED as moot** and Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

## I. BACKGROUND

Plaintiff's Amended Complaint alleges the following facts relevant to his Fourth Amendment malicious prosecution claim, provided here for context:

On February 12, 2022, Defendant Officers Cramblett, Walker, Orsini, Selhorst, and Murphy searched Plaintiff, seized his property, and arrested him "without a warrant, without probable cause, nor R.A.S. [reasonable articulated suspicion] that [he] committed a crime." (ECF No. 7, PAGEID #: 31.)

In moving for summary judgment, Defendants have submitted affidavits and other evidentiary materials that establish that, on February 12, 2022, Defendant Officers Orsini and Walker responded to a 911 call that a woman's father had threatened to kill her and possessed a gun at a residence. (ECF No. 23-1, PAGEID #: 107, 111.) While Defendant Officers Orsini and Walker were outside the residence, Plaintiff approached them and confirmed that he lived at the residence. (*Id.* at PAGEID #: 108, 111.) The Officers advised Plaintiff that they were going to search him. (*Id.*) Plaintiff informed them that he had a gun on his person. (*Id.*) While Plaintiff was being searched, a gun was found on his person. (*Id.*) After CPD Detectives determined through a background check that Plaintiff had a prior felony conviction in New York, Defendant Officers Orsini, and Walker arrested him and charged him with having a weapon under disability and obstructing official business. (*Id.*)

Following his arrest, a Franklin County Grand Jury indicted Plaintiff in the Franklin County Court of Common Pleas (Case No. 22-CR-913) on state law charges of improperly handling of a firearm, carrying a concealed weapon, and having a weapon while under disability.

(ECF No. 23-2.) The docket record in Case No. 22-CR-913 reflects that the state court suppressed the firearm, finding that the search of Plaintiff was unlawful.[2] *State v. Ponder,* Franklin Cnty. CCP Case No. 22-CR-913, "Entry and Order Granting Defendant's Motion to Suppress Evidence, Filed February 9, 2023" (April 17, 2023). Upon the prosecutor's application, the charges were ultimately dismissed on May 5, 2023. *See State v. Ponder,* Franklin Cnty. CCP Case No. 22-CR-913, "Nolle Prosequi" (May 5, 2023).

Plaintiff filed two responses in opposition unaccompanied by any evidence, aside from his own affidavit pertaining to Defendants' alleged failure to serve him with their motion for summary judgment by certified mail and the motion to suppress from the state court proceeding.[3] (ECF Nos. 25, 31.)

## II. PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF NO. 26)

In his motion for extension of time, Plaintiff requests additional time to respond to Defendants' First Request for Admissions. (ECF No. 26.) On the same day that Plaintiff filed his motion for extension, Plaintiff also filed his response to Defendants' First Request for Admissions. (ECF No. 24.) Accordingly, Plaintiff's motion for extension of time (ECF No. 26) is **DENIED as moot**.

---

[2] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/, using Plaintiff's name and case number. This Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

[3] Plaintiff also submitted a flashdrive without the Court's leave that contains videos of him serving Defense counsel with his request for admissions.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 23)[4]

Defendants move for summary judgment on Plaintiff's remaining Fourth Amendment malicious prosecution claim. (ECF No. 23.) Plaintiff opposes.[5] (ECF Nos. 25, 31.)

### A. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

---

[4] At the time Defendants filed their Motion for Summary Judgment, Plaintiff had not yet responded to Defendants' First Request for Admissions, so Defendants regarded the admissions as deemed admitted under Federal Rule of Procedure 37(a)(3) for purposes of their summary judgment briefing. (ECF No. 23, PAGEID #: 99.) In particular, Defendants used Plaintiff's admissions to demonstrate that Plaintiff had a prior felony conviction. (ECF No. 23, PAGEID #: 101–02.) Plaintiff contends that Defendants' First Request for Admissions were not properly served on him. (ECF No. 25, PAGEID #: 130.) The service of Defendants' First Request for Admissions is immaterial to the Court's summary-judgment analysis, however, because Plaintiff concedes in his Response that he had a prior felony conviction at the time of his arrest and does not dispute that CPD Detectives discovered that conviction through a background check before his arrest. (ECF No. 25, PAGEID #: 132.)

[5] Plaintiff devotes a substantial portion of his Responses in opposition to Defendants' summary judgment motion to arguing that Defendants did not properly serve him with their summary judgment motion. (*See* ECF Nos. 25, 31.) Plaintiff, however, timely responded to the summary judgment motion. Accordingly, even assuming that Defendants' service was somehow deficient, Plaintiff suffered no prejudice as a result.

favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts"—"there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Filings submitted by *pro se* plaintiffs are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A plaintiff's status as a *pro se* litigant, however, does not alter his burden to support his factual assertions with admissible evidence. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

## B. ANALYSIS

Defendants argue that they are entitled to summary judgment on Plaintiff's remaining claim for Fourth Amendment malicious prosecution because (1) Plaintiff cannot satisfy the elements of the claim, and (2) they are entitled to qualified immunity.

### 1. Qualified Immunity

Qualified immunity shields government officials from liability under 42 U.S.C. § 1983 as long as they did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "protects 'all but

the plainly incompetent or those who knowingly violate the law.'" *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)).

Once a qualified immunity defense is raised, the plaintiff has the burden of overcoming the defense by showing both that (1) the officer violated a constitutional right and (2) the right was clearly established. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024). The Court may consider the prongs in either order. *Gambrel v. Knox County*, 25 F.4th 391, 401 (6th Cir. 2022). The qualified immunity defense does not change the summary judgment standard and a court "must view genuine factual disagreements in the light most favorable to the plaintiff." *Id.* at 400.

**a) Violation of a Constitutional Right**

Defendant Officers Todd Cramblett, Kisha Orsini, Zachary Walker, James Selhorst, and Matthew Murphy are entitled to qualified immunity because no constitutional violation occurred.

To establish a federal malicious prosecution claim, a plaintiff must demonstrate that:

> (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

It is undisputed that Plaintiff satisfies the fourth prong because his criminal proceeding resolved in his favor. Defendants contend, however, that Plaintiff cannot satisfy the first, second, or third prongs. The Court agrees as to the first and second prongs and therefore need not and does not address the third.

**(1) Decision to Prosecute**

Starting with the first prong, Defendant Officers argue that there is no evidence that they were involved in the decision to prosecute Plaintiff. "'To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating.'" *Webb*, 789 F.3d at 660 (quoting *Sykes v. Anderson*, 625 F.3d 294, 308 n.5 (6th Cir. 2010)).

There is insufficient evidence that Defendant Officers made, influenced, or participated in the decision to prosecute Plaintiff in more than a passive or neutral way. As to Officer Cramblett, there is no evidence that he had any involvement in Plaintiff's detention, arrest, or the decision to prosecute Plaintiff. As to the other Defendant Officers, they were involved in Plaintiff's case only until the end of the arrest process. Defendant Officers Orsini and Walker interacted with Plaintiff and arrested him. (ECF No. 23-1.) Defendant Officers Selhorst and Murphy are listed as "Conveying Officers" in the resulting arrest report. (*Id.* at PAGEID #: 111.) Defendant Officer Selhorst also appears to have completed the arrest report. (*Id.* (listing Officer Selhorst's badge number next to the signature in the arrest report for the space provided for the "Signature of Officer Completing Form").) The Sixth Circuit has held that "[m]erely filing an allegedly misleading case report, without more active participation, qualifies only as 'passive or neutral' participation and is thus an insufficient basis for a malicious-prosecution claim." *Richards v. Cnty. of Washtenaw*, 818 F. App'x 487, 493 (6th Cir. 2020); *see also Miller v. Davis*, 653 F. App'x 448, 455–56 (6th Cir. 2016) (holding that a detective's report to prosecutors, even if "fundamental to the commencement of the criminal proceedings" was by-itself insufficient for a malicious-prosecution claim); *Kinkus v. Vill. of Yorkville*, 289 F. App'x 86, 91 (6th Cir. 2008) (holding that an officer's

actions of only filing a police report, signing a blank criminal complaint, and soliciting a written report from another officer were insufficient).

Plaintiff resists this conclusion, arguing that the "decision to indict [him] was solely based on the testimony of the officers" and that "[t]he grand jury read their statements and followed the narration provided by the officers." (ECF No. 25, PAGEID #: 131.) Plaintiff, however, has presented no evidence that any of the Defendant Officers furthered his prosecution beyond filing the initial Arrest Report. "[O]nce a motion for summary judgment is properly made and supported, an opposing party, even a *pro se* party, may not rely merely on allegations or denials in its own pleading." *Viergutz*, 375 Fed. App'x at 485 ("[P]laintiff's status as a pro se litigant does not alter his duty on a summary judgment motion."). Plaintiff, as the party opposing summary judgment, "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." *Id.*; *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (holding that there is no rule in this circuit providing for "special assistance to nonprisoner pro se litigants responding to summary judgment motions").

Plaintiff has not presented evidence from which a reasonable jury could find that any Defendant Officer made, influenced, or participated in the decision to prosecute him. Thus, Plaintiff cannot satisfy the first prong.

**(2) Probable Cause**

Even if the Defendant Officers were sufficiently involved in the decision to prosecute Plaintiff, his claim would still fail because there was probable cause for his arrest and prosecution.

"Probable cause to initiate criminal prosecutions exists where facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." *Webb*, 789 F.3d at 666. "[W]hen determining the existence of probable cause with respect to a malicious prosecution claim, courts in the Sixth Circuit 'must consider not only

whether probable cause existed to arrest the [plaintiff] but also whether probable cause existed to initiate the criminal proceeding against the [plaintiff].'" *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 898 (S.D. Ohio 2016) (citing *Sykes*, 625 F.3d at 310). To determine whether probable cause to prosecute existed, courts must view "the totality of the circumstances at the time of the [plaintiff's] arrest and through the time that the criminal proceeding against [him] commenced." *Phat's Bar & Grill v. Louisville Jefferson Cnty. Metro Gov't*, 918 F. Supp. 2d 654, 662 (W.D. Ky. 2013) (quoting *Sykes*, 625 F.3d at 311).

Defendant Officers Orsini and Walker initially arrested Plaintiff and charged him with having a weapon while under disability, a violation of O.R.C. § 2923.13, and obstructing official business, in violation of O.R.C. § 2921.31.

O.R.C. § 2923.13 makes it a crime to "knowingly acquire, have, carry, or use any firearm" if under a disability, such as a prior conviction for a felony offense of violence. Based on Defendant Officer Walker's affidavit, the arrest report, and Plaintiff's own admissions, it would have appeared to a reasonable officer on the scene that Plaintiff had a firearm under disability. Defendant Officer Walker averred that Plaintiff told him and Defendant Officer Orsini that Plaintiff had a gun. (ECF No. 23-1, PAGEID #: 108.) Defendant Officers Walker and Orsini then recovered a gun from Plaintiff's person during the subsequent search. (*Id.*) When CPD Detectives ran a background search on Plaintiff, they determined he had a prior felony conviction for assault out of New York. (ECF No. 23-1, PAGEID #: 108, 111.) Plaintiff concedes that he "informed the officers that [he] was carrying" and that the gun was in his "inside coat pocket." (ECF No. 25, PAGEID #: 130.) Plaintiff further concedes that he "was a felon" when the Defendant Officers arrested him. (*Id.* at PAGEID #: 129.)

Likewise, the undisputed facts would permit a reasonable officer on the scene to conclude that Plaintiff had committed the offense of obstructing official business. O.R.C. § 2921.31 provides:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

Under Ohio law, "[s]omeone obstructs official business when he acts with the purpose of obstructing or delaying an officer from performing a lawful duty and he actually hampers or impedes the officer." *Howse v. Hodous*, 953 F.3d 402, 408 (6th Cir. 2020) (citing Ohio Rev. Code § 2921.31; *State v. Henry*, 110 N.E.3d 103, 116 (Ohio Ct. App. 2018)). "For example, someone may be convicted if they make it 'more difficult' for law enforcement to gain control of a situation, or interfere with an officer's attempt to arrest someone." *Id.* (citing *State v. Florence*, No. CA2013-08-148, 2014 WL 2526069, at *3 (Ohio Ct. App. June 2, 2014); *State v. Overholt*, No. 2905-M, 1999 WL 635717, at *4 (Ohio Ct. App. Aug. 18, 1999)) (internal citations omitted).

Here, the Arrest Report states that, after Defendant Officers Orsini and Walker advised Plaintiff that he needed to put his hands behind his back, Plaintiff "resisted by pulling away from officers, refusing to place his hands behind his back, and pulling away after multiple requests from officers." (ECF No. 23-1, PAGEID #: 111.) A reasonable officer could infer from Plaintiff's physical conduct that Plaintiff was attempting to interfere with that officer's attempts to arrest him.

Accordingly, the undisputed record establishes that the Defendant Officers had probable cause to arrest and charge Plaintiff. Plaintiff identifies no evidence from which a reasonable jury could find otherwise.

Instead, Plaintiff primarily argues that the state court found that Defendant Officers Orsini and Walker lacked probable cause to search him and that "[t]he firearm was discovered during the

search, not before, so it's not possible for the firearm itself to be proof of probable cause." (ECF No. 31, PAGEID #: 166.) Whether the Defendant Officers had probable cause to search Plaintiff is immaterial to his malicious prosecution claim. The relevant inquiry is whether a reasonable officer would have believed Plaintiff was committing an offense. Because the exclusionary rule and fruit-of-the-poisonous tree doctrines "do not apply in § 1983 cases," the Court may consider evidence that was suppressed by the state court—here, the gun—to determine whether Defendant Officers Walker and Orsini had probable cause to arrest Plaintiff. *Codrington v. Dolak*, 142 F.4th 884, 895 (6th Cir. 2025). As discussed above, they plainly did. Thus, regardless of the subjective reason Defendant Officers arrested and charged Plaintiff, *see Devenpeck v. Alford*, 543 U.S. 146, 153 (2004), they had probable cause to do so.

Further, there was probable cause for Plaintiff's criminal prosecution. Subsequent to Plaintiff's arrest, a grand jury indicted Plaintiff on state law charges of improper handling of a firearm, carrying a concealed weapon, and having a weapon while under disability.

A grand jury indictment generally gives rise to a rebuttable presumption that probable cause to prosecute existed. *King v. Harwood*, 852 F.3d 568, 586–88 (6th Cir. 2017). In the Sixth Circuit, a plaintiff can rebut the probable-cause presumption when:

> (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury).

*King*, 852 F.3d at 587–88.

Plaintiff bears the burden of rebutting the presumption that probable cause existed. *Id.* He has not done so.

Plaintiff argues that the Defendant Officers made false statements in the Arrest Report and offered false testimony to the grand jury.

As to the Arrest Report, Plaintiff contends that "the body camera videos show that [the Defendant Officers'] statements were lies because the video did not show or corroborate the officers' statement." (ECF No. 31, PAGEID #: 164.) Plaintiff, however, has submitted no video evidence or other evidence from which a reasonable jury could find that any Defendant Officer made false statements or fabricated evidence. Rather, Plaintiff appears to argue that the state court's finding that Defendant Officer Orsini and Walker conducted an unlawful search establishes that the Arrest Report contained false statements. (*Id.*) The state court, however, held that the search was unlawful because Defendant Officers Orsini and Walker lacked sufficient information to detain and search Plaintiff. *State v. Ponder,* Franklin Cnty. CCP Case No. 22-CR-913, "Entry and Order Granting Defendant's Motion to Suppress Evidence, Filed February 9, 2023" (April 17, 2023). The state court did not find that any Defendant Officer made false statements or fabricated evidence.

As to grand jury testimony, Plaintiff offers no evidence that any of the Defendant Officers testified before the grand jury. The Court therefore need not consider whether any alleged false grand jury testimony could rebut the presumption of probable cause arising from the indictment.

Because Plaintiff has not presented evidence from which a reasonable jury could find that the Defendant Officers lacked probable cause to arrest him or initiate criminal proceedings against him, no genuine issue of material fact exists.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment malicious prosecution claim.[6]

[6] The Court notes that because Plaintiff has failed to establish a violation of his constitutional right, it is unnecessary to determine whether that right was clearly established. *Chappell v. City of Cleveland*,

## IV. CONCLUSION

Plaintiff's motion for extension of time (ECF No. 26) is **DENIED as moot** and Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED**. The Clerk shall enter judgment accordingly and **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

---

585 F.3d 901, 907 (6th Cir. 2009) ("If a plaintiff fails to show either that a constitutional right was violated or that the right was clearly established, [he] will have failed to carry [his] burden.").